IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD EUGENE NORCUTT                                               PETITIONER
ADC #143241

vs.                              Case No. 5:09CV00401 JTK

RAY HOBBS,[1]
Director, Arkansas Department of Correction                         RESPONDENT

## ORDER

Now before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Ronald Eugene Norcutt, an inmate in the Arkansas Department of Correction. On November 14, 2008, Petitioner entered a negotiated guilty plea to one count of rape in violation of Ark. Code. Ann. § 5-14-103, for which he received 120 months' imprisonment. (Doc. No. 6, Respondent's Exhibit A, H) In his federal habeas petition, filed December 30, 2009, he argues that his guilty plea was coerced, that his original charge was illegally enhanced, that the State's charging instrument was defective, and that he received ineffective assistance of counsel. (Doc. No. 2 at 5-8, 10) Petitioner raises these arguments for the first time in his federal habeas petition and more than a year after November 14, 2008, the date his judgment became final. Based on the following, Petitioner's claims are time-barred and therefore excluded from review.

---

[1] Substituted for former Director Larry Norris pursuant to Fed. R. Civ. P. 25(d).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1). The limitation period begins to run on the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* at § 2244(d)(1)(A). Arkansas bars direct review of unconditional guilty pleas. *See* Ark. R. App. P.-Crim. 1(a) and Ark. R. Crim. P. 24.3(b) (a defendant who enters an unconditional guilty plea possesses no direct appeal rights). Petitioner's judgment became final, therefore, on November 14, 2008, when the Perry County Circuit Court entered its judgment and commitment order. (Doc. No. 6, Respondent's Exhibit A) Accordingly, Petitioner had until November 14, 2009, one year later, to file a timely petition under the AEDPA. Instead, he filed over a month later, on December 30, 2009, Doc. No. 2.

The statute of limitations was not tolled. Section 2244(d)(2) of the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Rule 37 of the Arkansas Rules of Criminal Procedure affords the convicted a limited right to collaterally attack a guilty plea if, among other things, the petition is filed within ninety (90) days of the judgment's entry-date. *See* Ark. R. Crim. P. 37.1 & 37.2. An untimely Rule 37 petition is not "properly filed" for purposes of the AEDPA and does not toll the one-year limitation period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (application for collateral review is "properly filed" when it complies with "the applicable laws and rules governing filings[]"). Here, there is no evidence

that Petitioner filed a Rule 37 petition. Thus, because he filed his federal habeas petition after November 14, 2009, and did not otherwise properly file a Rule 37 petition, he is not entitled to tolling under § 2244(d)(2).

Nevertheless, a district court may equitably toll the limitation period if the petitioner affirmatively demonstrates that extraordinary circumstances beyond his control made it impossible to file a petition on time, or that the defendant engaged in conduct that "lulled the petitioner into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Petitioner makes no such showing here. He alleges in his petition that he mailed his "appeal application" to the State Court of Appeals "prior to 9-25-09," which the Jefferson County Circuit Court Clerk later returned with a letter informing Petitioner that he "had to file [] through the Federal Courts." (Doc. No. 2 at 13) Petitioner offers no explanation as to why he waited months before taking action. Further, he presents no evidence that the State lulled him into inaction—or that extraordinary circumstances prevented him from filing his habeas petition within the time-frame prescribed by the AEDPA. He appears to argue in his Reply, Doc. No. 9 at 6-7, that once he mailed appeal materials to the Arkansas court, the limitations period was tolled. However, as mentioned, that is not the law. Simply holding pro se status and being naive regarding filing procedures and deadlines are not adequate reasons to toll the limitations period, either statutorily or equitably. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Accordingly, Petitioner's habeas petition is time-barred.

IT IS, THEREFORE, ORDERED that Petitioner's Petition for Writ of Habeas Corpus, Doc. No. 2, be dismissed with prejudice.

DATED this 27th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE